UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNY BROWN, ) | |
|     PLAINTIFF ) | CIVIL ACTION NO.: |
| ) | 4:12-cv-1906 |
| VS. ) | |
| ) | |
| TORRES CREDIT SERVICES, INC, and ) | JURY TRIAL DEMAND |
| AMEREN CORPORATION, ) | |
| d/b/a Ameren Missouri ) | |
|     DEFENDANTS ) | |

**COMPLAINT-CLASS ACTION**

**INTRODUCTION**

1. The Telephone Consumer Protection Act, 47 U.S.C. §227(b) ("TCPA"), restricts the use of automated equipment and prerecorded voice messages to dial cellular telephones. Calls to cell phones using predictive dialing equipment are prohibited unless the caller or creditor has the "prior express consent" of the called party to make the automated calls.

2. At some point around the summer of 2011, defendant Amaren Corporation d/b/a Ameren Missouri ("Amaren") hired debt collection agency defendant Torres Credit Services, Inc. ("TCS") to collect alleged debts. As part of its efforts to collect debts on behalf of Ameren, TCS made thousands of debt collection calls, including several calls to plaintiff, who is a non-debtor and has no relationship with TCS at all, and no delinquent accounts with Ameren.

3. According to the Federal Communications Commission ("FCC"), creditors such as Ameren are treated as if they had made the calls themselves, and both Ameren and TCS are liable for any illegal calls. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 565, (¶10), *available at* 2008 WL 65485 (Jan. 4, 2008).

4. The TCPA was designed to prevent calls like these, and to protect the privacy of citizens

like plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012); *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637 (7th Cir. 2012).

5. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

7. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

8. Plaintiff seeks statutory damages of between $500 and $1,500 per violation for herself and the class, a declaration that defendants violated the TCPA, and an injunction prohibiting future violations.

## VENUE AND JURISDICTION

9. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

10. Venue and personal jurisdiction in this District are proper because a substantial portion of the events complained of occurred in this District. Furthermore, both defendants regularly transact business in this District.

## PARTIES AND PERSONAL JURISDICTION

11. Plaintiff Jenny Brown is a natural person and a citizen of the State of Missouri who resides in this District. Plaintiff's cellular telephone number is (314) xxx-1695.  The calls to plaintiff were made while she resided here.

12. Defendant Torres Credit Services, Inc. (hereinafter referred to as "TCS") is believed to be a Pennsylvania corporation operating from an address located at 27 Fairview Street, Suite 301, Carlisle, PA 17015 and doing business in the State of Missouri. Upon information and belief, TCS has no registered agent in the State of Missouri.

13. Defendant Ameren Corporation d/b/a Ameren Missouri is a corporation existing pursuant to law doing business in the States of Missouri and Illinois whose registered agent is Kenneth Schmidt, 500 E. Independence Drive, Union, MO 63084.

## FACTS

14. Defendant TCS has been calling plaintiff's cell phone in attempts to collect an alleged debt from someone named Deecha Jones.

15. The calls made by TCS to plaintiff occurred in 2011 and 2012, and most or all of them were made through use of a predictive dialer. Several of the calls included unattended messages that had been recorded ahead of time, and automatically played when plaintiff answered.

16. TCS made the calls to plaintiff's cell phone on behalf of, and at the direction of, Ameren.

17. The prerecorded messages TCS included the following statement:

> **"this call concerns Deecha Rene Jones. If you are this person, press 1 now, if you are not this person, press 2 now."**

18. Each time she heard this message, plaintiff pressed 2, as instructed by the message, and in order to avoid incurring further minutes. Furthermore, plaintiff's outgoing voice mail greeting also informed incoming callers, including defendants, that they had reached "Jenny Brown."

19. Defendants violated the TCPA even if they were only negligent. Plaintiff alleges alternatively that defendants' violations were willful or knowing.

20. Defendants should be enjoined from committing similar violations in the future.

21. Plaintiff and the class have been substantially damaged by the illegal phone calls. Plaintiff was charged for each call, her privacy was improperly invaded and she was inconvenienced and forced to deal with unwanted telephone calls.

## COUNT I-TCPA

22. Plaintiff incorporates all previous paragraphs.

23. Defendants violated the TCPA by placing automated calls to plaintiff and the class members' cell phones.

## CLASS ALLEGATIONS

24. Plaintiff brings this claim on behalf of a class, consisting of:

All persons nationwide whose cell phone either defendant called using an automatic telephone dialing system and/or artificial or prerecorded voice, where the phone number was obtained from some source other than from the called party, for example, where either defendant's

records show that the number called was a "wrong number," or the phone number was obtained through skip tracing, the Internet or captured by equipment from an inbound call.

30. The class is so numerous that joinder of all members is impractical.

31. Plaintiff's claims are typical of those of the class members. Everyone was called using the same dialing equipment, and each received similar prerecorded messages.

32. There are questions of law and fact common to the class which predominate over any questions affecting only individual class members.  The predominant common questions include:

    a. Whether defendants' equipment and prerecorded messages are covered by the TCPA; and

    b. Damages, including whether the violations were negligent, willful or knowing.

34. Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action for the class.

35. A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

36. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    A. Statutory damages;

    B. An injunction against further violations;

    C. A declaration that defendant's equipment and messages are regulated by

    the TCPA;

D.    Costs of suit;

E.    Reasonable attorney's fees as part of a common fund, if any;

F.    Such other or further relief as the Court deems just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Jenny Brown
**Jenny Brown**

### HEALEY LAW, LLC

/s/ Robert T. Healey
Robert T. Healey
EDMO # 34138MO
Attorney at Law
640 Cepi Drive, SuiteA
Chesterfield, MO 63005
Telephone:   (636) 536-5175
Fax:         (636) 590-2882
Email:      bob@healeylawllc.com

and

### BURKE LAW OFFICES, LLC

/s/ Alexander H. Burke
Alexander H. Burke
155 N. Michigan Ave.
Suite 9020
Chicago, IL 60601
Telephone:   (312) 729-5288
Fax:         (312) 729-5289
Email:      aburke@burkelawllc.com
Co-Counsel for Plaintiffs